IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES CHITWOOD,  )
                                    )  2:07-cv-355-GEB-KJM
          Plaintiff,  )
                                    )
     v.  )  STATUS (PRETRIAL
                                    )  SCHEDULING) ORDER
NORTHWEST AIRLINES, INC.,  )
                                    )
         Defendant.[1]  )
_____)

The status (pretrial scheduling) conference scheduled in this case for June 4, 2007, is vacated since the joint status report ("JSR") submitted by the parties obviates the need for the conference. The following Order issues based on the JSR and available dates.

### DISMISSAL OF DOE DEFENDANTS

Since Plaintiff has not justified Doe defendants remaining in this action, Does 1 through 10 are dismissed. See Order Setting Status (Pretrial Scheduling) Conference filed February 22, 2007 at 2 n.2 (indicating that if Plaintiff fails to set forth in the JSR a date by when the identities of any "Doe" defendants are expected to be

---

[1] The caption has been amended according to the Dismissal of Doe Defendants portion of this Order.

discovered, the claims against Doe defendants would be deemed abandoned and a dismissal order would follow).

### SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

Plaintiff states in the JSR that "other individuals will be sought to be joined as soon as Plaintiff's counsel learns the names and addresses of the actual individuals who [engaged in the conduct that allegedly harmed Plaintiff]." (JSR at 2.) Plaintiff has not stated how much time is needed to discover such information; therefore, Plaintiff has ninety (90) days in which to seek leave of Court to join such individuals. No other service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

### SERVICE OF STATUS ORDER

If any party is joined pursuant to the leave given above, concurrently with the service of process on said party, the newly-joined party shall be served with a copy of this Order.

Any newly-joined party has thirty (30) days after said service within which to file a "Notice of Proposed Modification of Status Order." A hearing on the Notice will be scheduled, if necessary. Although a newly-joined party's proposed modification filed within this thirty day period will not have to meet the good cause standard, no further amendments will be permitted except with leave of Court, good cause having been shown.

### DISCOVERY

All discovery shall be completed by February 28, 2008. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders,

if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before October 29, 2007, and with the rebuttal expert disclosures authorized under the Rule on or before November 30, 2007.

## MOTION HEARING SCHEDULE

The last hearing date for motions shall be April 21, 2008, at 9:00 a.m.[3]

Motions shall be filed in accordance with Local Rule 78-230(b). Opposition papers shall be filed in accordance with Local Rule 78-230(c). <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>. <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial. Cf. <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

---

[2] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. <u>See</u> Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[3] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1         (1)  The Court is presented with newly discovered evidence
2  that could not reasonably have been discovered prior to the filing of
3  the party's motion or opposition papers;
4         (2)  The Court committed clear error or the initial decision
5  was manifestly unjust; or
6         (3)  There is an intervening change in controlling law.
7  A motion for reconsideration based on newly discovered evidence shall
8  set forth, in detail, the reason why said evidence could not
9  reasonably have been discovered prior to the filing of the party's
10 motion or opposition papers.  Motions for reconsideration shall comply
11 with Local Rule 78-230(k) in all other respects.
12        The parties are cautioned that an untimely motion
13 characterized as a motion in limine may be summarily denied.  A motion
14 in limine addresses the admissibility of evidence.

### FINAL PRETRIAL CONFERENCE

16        The final pretrial conference is set for June 9, 2008, at
17 1:30 p.m.  The parties are cautioned that the lead attorney who WILL
18 TRY THE CASE for each party shall attend the final pretrial
19 conference.  In addition, all persons representing themselves and
20 appearing in propria persona must attend the pretrial conference.
21        The parties are warned that non-trialworthy issues could be
22 eliminated *sua sponte* "[i]f the pretrial conference discloses that no
23 material facts are in dispute and that the undisputed facts entitle
24 one of the parties to judgment as a matter of law."  Portsmouth Square
25 v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

1         The parties shall file a <u>JOINT</u> pretrial statement no later
2 than seven (7) days prior to the final pretrial conference.[4]  The
3 joint pretrial statement shall specify the issues for trial and shall
4 estimate the length of the trial.  The Court uses the parties' joint
5 pretrial statement to prepare its final pretrial order and could issue
6 the final pretrial order without holding the scheduled final pretrial
7 conference.  See <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999)
8 ("There is no requirement that the court hold a pretrial
9 conference.").  The final pretrial order supersedes the pleadings and
10 controls the facts and issues which may be presented at trial.  Issues
11 asserted in pleadings which are not preserved for trial in the final
12 pretrial order cannot be raised at trial.  <u>Hotel Emp., et al. Health</u>
13 <u>Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues
14 not preserved in the pretrial order are eliminated from the action.");
15 <u>Valley Ranch Dev. Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992)
16 (indicating that an issue omitted from the pretrial order is waived,
17 even if it appeared in the pleading); cf. <u>Raney v. Dist. of Columbia</u>,
18 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order
19 to allow assertion of a previously-pled statute of limitations
20 defense); <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D.
21 La. 1984) (indicating that "[a]ny factual contention, legal
22 contention, any claim for relief or defense in whole or in part, or
23 affirmative matter not set forth in [the pretrial statement] shall be

---

[4] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

TRIAL SETTING

Trial is set for September 9, 2008, commencing at 9:00 a.m.

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause**.

IT IS SO ORDERED.

Dated:  May 24, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge